UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 12-21436-CIV-MORENO**

JAMAL UD-DEEN HACK, ET AL.,

    Plaintiffs,

vs.

WACHOVIA BANK, N.A., ET AL.,

    Defendants.

_____/



## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiffs own a property in Miami that is currently the subject of a state foreclosure proceeding in Circuit Court in Dade County, Florida. That state foreclosure case was brought by another defendant in this case, SunTrust Mortgage, on August 17, 2010. Approximately six months later, on January 6, 2011, Plaintiffs filed for bankruptcy in this district, but did not claim the property as exempt. SunTrust sought a relief from the automatic stay in those proceedings in order to pursue a state court foreclosure action on the property. On May 2, 2011, the state court granted the relief from the stay and permitted SunTrust to continue pursuing its foreclosure case in state court. Then on April 17, 2012, the Plaintiffs filed a four count complaint against a litany of Defendants alleging: (1) wrongful foreclosure; (2) fraud; (3) quiet title; and (4) declaratory relief. Defendants Wachovia Bank, Mortgage Electronic Recordation Systems (MERS), and the SunTrust Entities now move to dismiss all four claims against them.

### Legal Analysis

Defendants' motion to dismiss argues four independent grounds justify dismissal of the

claims: (1) the complaint fails to establish that federal jurisdiction exists; (2) the complaint fails to state any claims for relief; (3) the claims are barred judicial estoppel; (4) the complaint is an impermissible shotgun pleading in violation of Fed. R. Civ. P. 8(a). The first two arguments are sufficient to justify dismissal of the complaint and thus the merits of the final two arguments do not need to be addressed.

## A. The complaint fails to establish that federal jurisdiction exists

Under Fed. R. Civ. P. Rule 8(a), a pleading must "contain a short and plain statement of the grounds on which the court's jurisdiction depends. . ." Fed. R. Civ. P. 8(a). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004)(citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). *Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Houman v. Lewis*, 2010 WL 2331089, at *1 (S.D. Fla. June 10, 2010)(citing *GJR Inv. v. City of Escambia, Fla.*, 132 F.3d 1359, 1369 (1998)). "A *pro se* litigant must nevertheless 'conform to procedural rules.'" *Houman*, 2010 WL 2331089, at *1 (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir.2002)).

The complaint only makes a broad, general statement that federal jurisdiction exists in this case and refers to five federal statutes to support this statement. Compl. ¶ 17. The complaint declares that this court has jurisdiction under 28 U.S.C. § 1331, 15 U.S.C. § 1601 the Truth in Lending Act (TILA), 15 U.S.C. § 1692 the Fair Debt Collection Practices Act (FDCPA), 12 U.S.C. § 2601 the

Real Estate Settlement Procedures Act (RESPA), and 12 U.S.C. § 1461 the Home Ownership and Equity Protection Act (HOEPA). *Id.* However, the complaint does not identify specific provisions of these statutes that serve as the basis of Plaintiffs' causes of action, thus denying Defendants fair notice of Plaintiffs' claims and the grounds upon which they rest. *Houman*, 2010 WL 2331089 at *3 ("While Rule 8(a)(2) does not require specific facts, a complaint must still give the defendant fair notice of what the claim is and the grounds upon which it rests."). The complaint fails to identify any specific federal questions to be answered and does not expressly declare that the plaintiffs are asserting causes of action under any of these federal statutes. The only causes of action that are actually pled in the complaint are not linked in any way to the federal statues cited in the jurisdictional paragraph of the complaint. The complaint in *Houman* was dismissed on similar grounds where the plaintiff "fail[ed] to establish any connection between his basis for federal jurisdiction and his allegations." *Houman*, 2010 WL 2331089 at *2.

The complaint also attempts to establish jurisdiction in this court under the supplemental jurisdiction statute, 28 U.S.C. § 1337. Compl. ¶ 17. "[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.A. § 1367. However, this court can decline supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As explained in the section below, the complaint fails to properly plead claims for relief under any of the federal statutes cited in the jurisdiction section of the complaint and therefore no federal claims remain, only the claims based on state law. "When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without

prejudice." *Carlsen v. One W. Bank, FSB*, 2010 WL 4123573, at *3 (S.D. Fla. Oct. 20, 2010)(citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). This court should decline to exercise supplemental jurisdiction over Plaintiffs' state claims because these claims are best resolved by state courts and there is currently a proper forum and pending action in state court which gives Plaintiffs an opportunity to address their state law claims. "State courts, not federal courts, should be the final arbiters of state law." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997).

Accordingly, the plaintiffs' complaint fails to establish that federal subject matter or supplemental jurisdiction is proper in this Court and thus the complaint should be dismissed.

## B. The complaint fails to state any claims for relief

"Under Rule 8(a)(2), a *pro se* plaintiff must file a complaint containing 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Houman v. Lewis*, 2010 WL 2331089, at *1 (S.D.Fla. 2010)(quoting *Anderson v. Ward*, 2010 WL 1544604, at *1 (11th Cir. 2010)). Even if this Court gave Plaintiffs' complaint the generous interpretation that it seeks to assert federal claims under TILA, FDCPA, RESPA, and HOEPA, the complaint fails to plead facts supporting any of these potential causes of action. To properly plead any of these federal claims, the complaint must lay out facts supporting the required elements of each cause of action. For example, to file a claim under HOEPA, the complaint must allege facts demonstrating that the mortgage Plaintiffs obtained qualifies for protection under HOEPA. *See Khomich v. Bank of America, N.A.*, 2011 WL 1087858, at *5 (E.D. Cal. Mar. 23, 2011). Or to assert a TILA claim, the Plaintiffs must identify specific written disclosures that they were required to receive under TILA but did not. *See In re Countrywide Fin. Corp. Mortg. Mktg. and Sales Practices Litig.*, 2008 WL 5450351, at *3

(S.D. Cal. Dec. 30, 2008). The complaint falls far short of stating any facts supporting the federal statues cited in the jurisdictional paragraph of the complaint.

In addition, the four counts which the complaint attempts to plead are also deficient in factual support. The complaint pleads four specific counts against all defendants for (1) wrongful foreclosure, (2) fraud, (3) quiet title, and (4) declaratory relief as to the rights and interest to the property subject to the foreclosure. As pled, the complaint lacks sufficient facts to support any of these four claims.

First, a claim for wrongful foreclosure requires that the property in question be sold at a foreclosure sale. *Raines v. GMAC Mortgage Co.*, 2009 WL 4715969, at *2 (M.D. Fla. Dec. 10, 2009). The state court action for foreclosure against Plaintiffs is still pending, therefore no sale of Plaintiff's property has occurred and this claim is not yet ripe.

Second, the complaint attempts to plead a fraud claim that the Defendants made "misrepresentations," did not hold a valid interest in the promissory note or mortgage at issue in the state foreclosure case, and that Defendants' attempts to collect on the mortgage by foreclosing on the property is fraudulent. Compl. ¶¶ 72-78. However, a claim for fraud must be pled with particularity under Fed. R. Civ. P. 9(b). *Oglesbee v. IndyMac Fin. Serv. Inc.*, 686 F. Supp. 2d 1313, 1317 (S.D. Fla. 2010). Pleading fraud with particularity means that the complaint must "set forth precisely what statements or omissions were made in what documents or oral representations, the time and place of the statements [or omissions], who made the statements [or omissions], the contents of the statements [or omissions] and manner in which they misled the plaintiff, and what the defendant gained as a consequence." *Pyramid Emp'r Serv. v. Coile*, 2006 WL 1208009, at *4 (M.D. Fla. May 3, 2006). The complaint does not provide any facts regarding what statements or omissions the

defendants made that the Plaintiff believes were misrepresentations, nor the date or the original speaker. Thus the complaint does not plead fraud with particularity as required to state a claim for relief. Additionally, the present complaint pleads fraud against all defendants generally, without ascribing specific fraudulent statements or omissions to any particular defendant. "Rule 9(b) is not satisfied [if] the complaint vaguely attributes the alleged fraudulent statements [or omission] to 'defendants.'" *Drilling Consultants, Inc. v. First Montauk Sec. Corp.*, 806 F. Supp. 2d 1228, 1234 (M.D. Fla. 2011).

Third, the Plaintiffs' final two causes of action for quiet title and declaratory relief seek rulings by this court that the Plaintiffs are entitled to ownership of the property and that the note and mortgage are invalid. Compl. ¶¶ 80-93. Both of these issues are currently pending in the foreclosure action in state court. In essence, the Plaintiffs' claims seek a declaration by this Court that the Defendants are not allowed to continue their foreclosure action in state court. If this Court were to issue such a declaration, the effect would be to put an end to the state court proceedings. This Court's ability to stop a pending state court proceeding is limited by the Anti-Injunction Act, 28 U.S.C. § 2283, which states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." None of the three narrow exceptions to this Act are present in the instant case. "Because it is grounded in the constitutional guarantees of independence between the state and federal systems, the language of the Anti-Injunction Act . . . is construed narrowly by the courts." *Burr & Forman v. Blair*, 470 F.3d 1019, 1028 (11th Cir. 2006). "Courts have interpreted the Anti-Injunction Act also to 'prohibit declaratory judgments which, though not enjoining the state proceeding, would decide and preempt

the matter pending there.'" *Lawrence v. JP Morgan Chase Bank, N.A.*, 2011 WL 2039097, at *1 (S.D.Fla. May 25, 2011). This Court cannot rule on the legal claims to quiet title and for declaratory relief because the Anti-Injunction Act prevents this Court from ending a state court proceeding except for limited circumstances not present in the instant case.

Accordingly, the complaint fails to state any facts that support any of its four claims for relief.

## Conclusion

THIS CAUSE came before the Court upon Wachovia Bank and Mortgage Electronic Recordation System's Motion to Dismiss **(D.E. No. 12)**, filed on **May 31, 2012** and the SunTrust Entities' Motion to Dismiss **(D.E. No. 15)** filed on **June 14, 2012**. A hearing on this Motion to Dismiss was held on **July 24, 2012** at 10:30 AM and an electronic notice of this hearing was issued on **July 12, 2012** **(D.E. No. 24)**. Plaintiffs did not appear for this hearing, nor did anyone appear on their behalf. The phone number that appears on Plaintiffs' filings connects to an attorney who has no relation to the case and does not represent Plaintiffs.

THE COURT has considered the motion, response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED and this case is DISMISSED with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of July, 2012.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record
Jamal Ud-Deen Hack
7856 NW 192nd Street
Miami, FL 33015